UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Mark Terrill Dewitt, | ) | Crim. No.: | 4:93-cr-00347-RBH-1 |
| | ) | Civ. No.: | 4:20-cv-00752-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

This matter is before the Court on Petitioner Mark Terrill Dewitt's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 30 & 47. The Government has filed a motion for summary judgment. *See* ECF No. 51. The Court denies Petitioner's motion and grants the Government's motion for the reasons herein.[1]

## **Background**

In April 1994, Petitioner pled guilty pursuant to a written plea agreement to one count of carjacking, in violation of 18 U.S.C. § 2119, and two counts of using and carrying a firearm during and in relation to carjacking, in violation of 18 U.S.C. § 924(c). *See* ECF Nos. 1 & 14. In August 1994, Petitioner was sentenced to an aggregate term of 363 months' imprisonment: sixty-three months for carjacking (to be served concurrently with his state sentence) and mandatory consecutive terms of five

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

1

years and twenty years for the § 924(c) convictions (to be served consecutive to both his carjacking sentence and state sentence).  *See* ECF No. 16.  Judgment was entered on August 15, 1994.  *See* ECF No. 16.  Petitioner did not file a direct appeal or a prior § 2255 motion.

On January 10, 2020,[2] Petitioner filed the instant § 2255 motion.  *See* ECF Nos. 30 & 47.  The Government filed a response in opposition to Petitioner's motion and a motion for summary judgment.  *See* ECF No. 51.  Petitioner filed a response in opposition to the Government's motion.  *See* ECF No. 60.

### **Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence.  For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).  "When the district court denies § 2255

---

[2]     Petitioner originally filed a "Motion to Modify Sentence," *see* ECF No. 30, and the Court entered an order advising Petitioner that it would construe the motion under 28 U.S.C. § 2255 unless he objected within twenty days. *See* ECF No. 38.  Petitioner then filed a formal § 2255 motion within that twenty-day deadline.  *See* ECF No. 47. The Court is using the filing date of Petitioner's original "Motion to Modify Sentence"—January 10, 2020, *see Houston v. Lack*, 487 U.S. 266 (1988)—as the filing date for his § 2255 motion.

2

relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

### **Discussion**

The Government argues Petitioner's § 2255 motion is untimely, *see* ECF No. 51 at pp. 5–6, and the Court agrees. All § 2255 motions are subject to a one-year statute of limitations, which—as relevant here—runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Petitioner's convictions became final[3] before the Antiterrorism and Effective

---

[3] Petitioner's convictions became final in 1994 because he did not appeal. *See United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., *when the time for a direct appeal expires and the defendant has not noticed an appeal* or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires." (emphasis added)).

3

Death Penalty Act of 1996 ("AEDPA"),[4] he had until April 24, 1997 (one year after the effective date of the AEDPA), to file his § 2255 motion. *See Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000) (discussing the AEDPA limitations period); *see, e.g.*, *United States v. Powell*, 257 F. App'x 690, 690 n.* (4th Cir. 2007) (citing *Hernandez*). Moreover, none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f)(2)–(4) apply.[5] Finally, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling). Accordingly, the Court will deny Petitioner's § 2255 motion and grant the Government's motion for summary judgment.[6]

### Certificate of Appealability

---

[4] Pub. L. No. 104–132, 110 Stat. 1214 (1996).

[5] Petitioner appears to believe his motion is timely because he was in state prison for twenty-seven years and only recently was transferred to federal prison to serve his consecutive § 924(c) sentences. *See* ECF No. 47 at pp. 3, 11. However, he was already "in custody" for purposes of § 2255. *See, e.g.*, *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997) (citing *Peyton v. Rowe*, 391 U.S. 54, 56, 64–65 (1968), and indicating a defendant can invoke § 2255 before actually serving a consecutive sentence); *Sloan v. United States*, 2006 WL 3692666, at *2 (W.D. Va. Dec. 13, 2006) ("Although [the petitioner] is currently serving his state criminal sentence, he is also 'in custody' under the consecutive federal sentence he challenges here, even though he has not yet begun to serve the federal sentence."), *appeal dismissed*, 224 F. App'x 238 (4th Cir. 2007).

[6] The Court also notes Petitioner challenges his § 924(c) convictions and sentences, and he raises various claims of ineffective assistance of counsel, subject matter jurisdiction, actual innocence, double jeopardy, and cruel and unusual punishment, *see* ECF Nos. 30 & 49, but all claims lack merit. Initially, as the Government argues, Petitioner has procedurally defaulted many of his claims, and he has not established either actual innocence or cause and prejudice to excuse the default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (articulating standard for procedural default). *See* ECF No. 51. Moreover, at the time he was sentenced, the law mandated the sentences he received for his § 924(c) convictions, *see generally Deal v. United States*, 508 U.S. 129 (1993); and as Judge Traxler noted at sentencing, the consecutive five and twenty-year sentences were the mandatory minimum required by law. *See* ECF No. 29 at pp. 4, 7–8. Additionally, "[u]nder th[e] 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute." *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). Also, "the [federal] carjacking statute qualifies as a crime of violence under Section 924(c)." *United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017). Finally, Petitioner has not demonstrated ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

     Petitioner also argues his § 924(c) convictions are invalid based on the First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221 (Dec. 21, 2018), but the First Step Act is not retroactive in this regard. *See United States v. Jordan*, 952 F.3d 160, 171–74 (4th Cir. 2020) (discussing the First Step Act's applicability to § 924(c) sentences); *United States v. Berry*, 2020 WL 1874120, at *3 n.1 (W.D. Va. Apr. 15, 2020) ("This revision in the [First Step Act] applies only where a defendant's [§ 924(c)] sentence was not yet imposed as of the date of the legislative enactment; in other words, it is not retroactive.").

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** the Government's Motion for Summary Judgment [ECF No. 51] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF Nos. 30 & 47]. The Court **DENIES** Petitioner's Motion to Appoint Counsel [ECF No. 54] and **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                     s/ R. Bryan Harwell
May 6, 2020                                                           R. Bryan Harwell
                                                                                Chief United States District Judge